## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN A. BLAZI and GREENWICH | : | |
| COFFEE, LLC, | : | |
|     plaintiffs | : | |
| | : | |
|     v. | : | 3:08-cv-1441 (CFD) |
| | : | |
| JASON WAGONER, | : | |
| NICHOLAS DEGRAZIA, | : | |
|     defendants | : | |

## RULING ON MOTION TO DISMISS

Plaintiffs John Blazi and Greenwich Coffee, LLC, of which Blazi is the sole member,

brought this action against *pro se* defendants Jason Wagoner and Nicholas DeGrazia.  Blazi

alleges trademark violations under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as

Connecticut common law unfair competition and civil conspiracy, and violation of 18 U.S.C. §

1030(a)(5)(A).[1]  The Court chooses to abstain from exercising its jurisdiction in this case under

the Colorado River doctrine, and the motion to dismiss is granted.

**I.      Background[2]**

The plaintiffs' allegations arise out of activities of the defendants, who were employed at

the retail coffee shop known as "Greenwich Coffee" in Cheshire, Connecticut prior to January

---

[1] 18 U.S.C. § 1030(a)(5)(A) is a criminal statute penalizing damage to computers through "unlawful transmissions."

[2] The facts related herein are taken from the pleadings, briefs, state court filings, and statements at the oral argument on the motion to dismiss.

2008.[3]  The individual parties were involved in the creation and operation of that store.  The

parties dispute who is the proper owner of the web addresses "www.greenwichcoffee.net" and

"www.greenwich coffee.com," which are registered in Wagoner's name.  Blazi alleges that

Wagoner committed various fraudulent acts in relation to the operation of the Greenwich Coffee

store,[4] for which Blazi terminated Wagoner on or about January 12, 2008.  Blazi further alleges

that Wagoner and DeGrazia sabotaged the store in various ways, including removing equipment,

destroying computer files on the store's computer, and organizing a work stoppage involving the

other employees at the store.  The defendants deny the allegations.

On February 21, 2008, Greenwich Coffee brought a complaint in the Superior Court of

Connecticut for the Judicial District of Waterbury against DeGrazia, Wagoner,[5] and Nancy

DeGrazia, who is Nicholas DeGrazia's wife [No. UWY-CV-08-4015494-S].  The state court

complaint also concerns the operation of the coffee shop, and alleges tortious interference with a

business expectancy, unjust enrichment, statutory theft under Conn. Gen. Stat. 52-564, civil

conspiracy, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.

Gen. Stat.  42-110a *et seq*.  The complaint in the instant federal action was filed on September

---

[3]Blazi and DeGrazia were in a partnership, NIJO Enterprises, which they started with the purpose of opening and operating Greenwich Coffee.  See Answer filed by Wagoner, Ex. B [Dkt. # 14].

[4]These alleged acts include creation and sale of Greenwich Coffee gift cards outside the system of Greenwich Coffee's authorized gift-card service provider and hiding financial records from Blazi.  Wagoner denies these allegations.  After the breakdown between the parties in January, 2008, Wagoner started a "blog" on which negative comments about Greenwich Coffee and its owners, managers, new employees, products and services were posted, but Wagoner claims that he did not post or solicit the negative comments.

[5]Wagoner is DeGrazia's stepson.

-2-

19, 2008.  The federal court claims are not specifically raised in the state court action.

The *pro se* defendants filed a motion to dismiss the complaint on the basis of the prior state action.  Liberally construed - as it should be - it appears to argue that this Court should abstain from hearing this action.

## II.    Colorado River Abstention

A federal court may abstain from exercising jurisdiction in "exceptional circumstances" where there are concurrent state and federal proceedings.  See Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 813 (1976).  In a case similar to this one in this District, U.S. District Judge Nevas described the six factors to consider in determining whether Colorado River abstention is warranted:

> (1) which court first exercised jurisdiction over property at issue; (2) which court first exercised jurisdiction over the particular action; (3) whether abstention is necessary to avoid piecemeal litigation; (4) whether the federal forum is inconvenient to the parties; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court action will sufficiently protect the rights of the person bringing the federal suit.

Retail Marketing Network, Inc. v. Actmedia, Inc., No. 3:96cv800(AHN), 1996 U.S. Dist. LEXIS 22560 (D. Conn. Oct. 18, 1996).  "The court should not view these factors as a 'mechanical checklist,' but rather, as a guide to aid in balancing the considerations favoring or disfavoring abstention in each case."  Id.

## III.    Discussion

The Court finds Colorado River abstention appropriate in this case for several reasons.  First, it is significant (though not dispositive) that the state court first exercised jurisdiction over the action. Although the state court case has not actively progressed

beyond initial discovery, the proceedings there have been delayed because of the

Colorado River-based "standoff" that often occurs when cases are filed concurrently in

state and federal courts.  For example, uncertainty over the results of the motion to

dismiss in this federal case was a reason asserted by the plaintiffs for postponing the state

case hearing on prejudgment remedies.  According to the plaintiffs, requests for

admissions have been filed in the state court action, and discovery has begun, although a

deadline for completion of discovery has not been set by the state court.

      A second relevant factor in the decision to abstain is that the state court case

originates from the same factual basis as the federal action, namely, the alleged conduct

and agreements by and between Blazi, Wagoner, and DeGrazia and relating to operation

of the Greenwich Coffee shop.  While the state court case names Nancy DeGrazia as an

additional defendant and does not include Blazi as a plaintiff, substantially the same

parties are nonetheless present in both suits, as Blazi is the sole member of Greenwich

Coffee, and Nancy DeGrazia's alleged actions are related to the actions of Nicholas

DeGrazia and Wagoner.  The dispute centers around the management and operations of

the Greenwich Coffee shop by the defendants, and all of the defendants in the federal case

are also sued in the state case.  See Retail Marketing, 1996 U.S. Dist. LEXIS 22560 at *9

n.1 ("The absence of the two Retail officers in the federal complaint amounts to a mere

technical difference of the parties which is inapposite when balancing the factors

considered in a motion for abstention.") (citing Moses H. Cone Memorial Hosp. v.

Mercury Const., 460 U.S. 1 (1983) (The Colorado River test should "be applied in a

pragmatic, flexible manner with a view to the realities of the case at hand."); Arkwright-

<u>Boston Mfrs. Mut. v. City of New York</u>, 762 F.2d 205, 211 (2d Cir. 1985) ("Certainly there are differences between the cases, but the facts of two cases are seldom identical. Moreover, when comparing two cases if a court simply separates the facts and lays them side by side, often it will lose sight of the forest for the trees")).

Although the plaintiffs have chosen to bring the Lanham Act claims in the federal case only, abstention is proper to avoid piecemeal litigation, as the resolution of the federal claims would require resolution of matters also at issue in the state court case. The state and federal complaints contain several non-discrete, intertwined allegations. For example, the state complaint in ¶ 10 alleges that "[w]ithout Greenwich's approval or consent, Wagoner created a web site, GreenwichCoffee.com, registering it personally, allowing him to maintain personal control over the domain and web site." The federal complaint in ¶ 12 alleges that "Wagoner and Degrazia [sic], while employed by Greenwich Coffee, and at the request and direction of John Blazi, designed and created an interactive website, the original purpose of which was to promote Greenwich Coffee's products and services . . . through an interactive website located at the URL www.greenwichcoffee.com. Without the permission or consent of Blazi . . . Wagoner, acting alone or in concert with DeGrazia or at the direction of DeGrazia registered the domain names . . . in Wagoner's name alone. This was done for the sole purpose to gain control over these domain names for future profit and use and to gain leverage in future business dealings with Blazi and/or Greenwich Coffee, LLC."

Paragraphs 39-40 and 56 of the state complaint allege that DeGrazia attempted to "drive a wedge between employees who were loyal to him and his stepson and Blazi and

-5-

his wife" and that several employees informed Blazi that they "were not going to return to work unless Wagoner were rehired."  ¶ 13 of the federal complaint also alleges that DeGrazia and Wagoenr "in an attempt to wrest control of the Cheshire store from Blazi and/or Greenwich Coffee, LLC encouraged all employees of the Cheshire store to engage in an illegal work stoppage.  Employees at the request of DeGrazia and/or Wagoner advised Blazi that they would quit if Wagoner was not re-hired.  Further, DeGrazia and/or Wagoner advised employees not to report to work again until such time as they re-gained control over the store's operation."

Trademark-related claims are also present in both the state and federal complaints. The state complaint alleges "illegal use of the trademarked name and logo belonging to Greenwich" in ¶ 63, as well as "trademark infringement" in ¶ 75 and ¶ 77 of the fourth count, and ¶ 84 of the request for relief.  The federal complaint alleges trademark infringement in count one and has been styled by the plaintiffs as primarily based on trademark infringement, despite the multiple non-trademark-related allegations also contained in the federal complaint.

Another relevant factor in the <u>Colorado River</u> analysis here is that the federal forum is inconvenient to the defendants, who have indicated that they cannot afford legal representation in concurrent lawsuits in both courts, and who are proceeding *pro se* in the federal case as a result.

One factor weighing against abstention is that federal law supplies the rule of decision for the Lanham Act claims.  The presence of a federal question is a significant factor in this case; however, state courts have been given concurrent jurisdiction over

Lanham Act claims and are equally capable of applying federal law to decide them.

Verizon Comm'ns, Inc. v. Inverizon Int'l., Inc., 295 F.3d 870, 873 (8th Cir. 2002).  The Court finds that proceeding through the state court case alone will sufficiently protect the rights of the plaintiffs, particularly given the likelihood that the state court complaint will be amended, subsequent to this ruling, to add a Lanham Act claim.  Moreover, the allegations in the federal complaint do not support the plaintiffs' characterization of the federal complaint as solely or primarily an issue of trademark violation.  It is clear that the trademark claims are intertwined with and dependent on the underlying allegations of misconduct present in both the state and federal cases.  Accordingly, the presence of a federal question is outweighed by the other factors in the Colorado River abstention analysis.

## IV.   Conclusion

For the foregoing reasons, the Motion to Dismiss [Dkt. # 15] is GRANTED, and the Clerk is directed to close the case.

So ordered this 4th day of February, 2009 at Hartford, Connecticut.

_____/s/ Christopher F. Droney_____
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**